COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Bumgardner
Argued at Richmond, Virginia


MICHAEL LEON EDWARDS

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1314-00-2        JUDGE RUDOLPH BUMGARDNER, III
                                            AUGUST 7, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     William R. Shelton, Judge

            Randy B. Rowlett (Gordon, Dodson & Gordon, on
            brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     The trial court convicted Michael Leon Edwards of

possession of cocaine with intent to distribute in violation of

Code § 18.2-248.  He contends the trial court erred in not

suppressing the drugs found when he was searched.  Concluding

the officer had probable cause to search the defendant, we

affirm.

     In considering a trial court's denial of a motion to

suppress, we review the evidence in the light most favorable to

the Commonwealth.  McGee v. Commonwealth, 25 Va. App. 193, 197,

487 S.E.2d 259, 261 (1997) (en banc).  While we are bound to

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

review de novo the ultimate questions of reasonable suspicion and probable cause, we "review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996).

Officer D.G. Henderson stopped the car in which the defendant rode for a traffic violation. Henderson immediately detected a strong odor of marijuana coming from the driver's window. Henderson requested each of the three occupants to exit the car. He searched the driver and then the front-seat passenger. Though he smelled marijuana on each of them, he found none on them and his search found none in the car.

The defendant was the only passenger in the backseat. Henderson noticed tobacco that had been removed from a cigar wrapper "still intact on the floorboard." Henderson knew from his training and experience that marijuana users smoke "blunts" which are hollowed-out cigars. A user removes the tobacco core by unwrapping the cigar, rolls marijuana in the cigar wrap, and smokes it. Henderson asked the defendant to step out of the car and, as he did, detected "a strong odor of marijuana coming from his clothing." Henderson searched the defendant and discovered plastic bags of cocaine and $344 cash in his pockets.

The defendant testified at the suppression hearing. He denied any of the occupants of the car had smoked marijuana or

that the car smelled of marijuana.  He knew what a blunt was but denied seeing one that night.

The trial court ruled Henderson "had a reasonable basis for searching" the defendant.  The judge noted the smell of marijuana coming from the vehicle, the discovery in plain view of items commonly used for smoking marijuana, and the search of the first two occupants which failed to reveal the source of the marijuana smoke.

Before searching the defendant, Officer Henderson needed probable cause to believe the defendant had committed a criminal offense or was in the process of committing one.  Parker v. Commonwealth, 255 Va. 96, 106, 496 S.E.2d 47, 53 (1998).  "'[P]robable cause exists when the facts and circumstances within the officer's knowledge . . . alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.'"  Id. (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981)).

The defendant concedes the officer lawfully stopped the car, had probable cause to search it, and lawfully detained the defendant while doing so.  However, he contends the smell of marijuana alone did not provide probable cause to search the defendant's person.  We do not address whether the smell of marijuana alone provided probable cause to search the defendant because the officer's investigation developed significantly more

information of criminal activity than just an unattributed smell of marijuana.

After searching the car and the other two occupants, Henderson had not located a source of the marijuana odor. The defendant was the only other likely source. Before the defendant got out of the car, Henderson observed hollowed out cigar tobacco and wrappers, which he knew were associated with "blunts," a marijuana smoking device. They were on the floorboard beside the defendant. After the defendant got out of the car, Henderson smelled marijuana on the defendant's clothing. Concluding the defendant was engaged in criminal activity, Henderson searched him. Henderson had a reasonable and objective basis to search because the aggregate information pointed to the defendant as the probable source of the suspected drugs.

We conclude that the totality of circumstances furnished probable cause to believe the defendant was engaged in criminal activity. Accordingly, the search was permissible, and we affirm the trial court.

<u>Affirmed.</u>